1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELDRED NICHOLSON,

11              Plaintiff,                    No. CIV S-10-1425 KJM EFB P

12       vs.

13   D. MEDINA, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Plaintiff moves to compel nonparty, Carol Nygard & Associates, to produce a

18   deposition transcript, and for defendant Medina to pay for both the transcript and for plaintiff's

19   expenses in obtaining this order.  Dckt. No. 27.  Defendants Medina and Shaw oppose plaintiff's

20   motion.  Dckt. No. 28.  The officer before whom a deposition is taken must retain stenographic

21   notes of the proceedings.  Fed. R. Civ. P. 30(f)(3).  "When paid reasonable charges, the officer

22   must furnish a copy of the transcript . . . to any party or deponent."  *Id.*  Thus, after plaintiff pays

23   for a copy of his deposition transcript, he may then obtain it from the officer before whom the

24   deposition was taken. Plaintiff cites to no authority suggesting defendants should instead, be

25   forced to bear this cost.

26   ////

1

Additionally, although plaintiff is proceeding *in forma pauperis*, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for transcripts.  *See* 28 U.S.C. § 1915.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 12, 2011 motion, is denied.

Dated:  October 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2