1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELDRED NICHOLSON,

11          Plaintiff,                    No. 2:10-cv-1425 KJM EFB P

12      vs.

13   D. MEDINA, et al.,

14          Defendants.               ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending are the undersigned's findings and recommendations to

18   resolve defendants' October 7, 2011 motion for summary judgment.  In those findings and

19   recommendations, the undersigned recommends that defendants' motion be granted.  However,

20   in light of recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and

21   adequate notice" of what is required of him to oppose defendants' motion for summary

22   judgment, the court must vacate those findings and recommendations, and deny the motion

23   without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the

24   requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, ___ F.3d ___,

25   Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only*

26   satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* and *Wyatt*

1  is to provide such notice *at the time that the relevant motions are filed.*" (emphasis added));

2  *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the

3  court has required that it be given and that it be set forth in a separate document that is served

4  with the moving papers).[1]

5      Accordingly, IT IS HEREBY ORDERED that:

6      1.  The June 28, 2012 findings and recommendations (Dckt. No. 49) are vacated.

7      2.  Defendants' motion for summary judgment (Dckt. No. 30) is denied without

8  prejudice.

9      3.  Within thirty days of the date of this order, defendants may re-file and re-serve their

10  motion for summary judgment.  Defendants must contemporaneously serve with the motion, but

11  in a separate document, a copy of the attached "*Rand* Notice,"which provides plaintiff with

12  notice of the requirements for opposing a motion for summary judgment.  **Failure to do so may**

13  **constitute grounds for denial of the motion.**

14      4.  If defendants re-serve their motion, plaintiff may thereafter file and serve an amended

15  opposition within thirty days.  If plaintiff fails to file an amended opposition, the court will

16  consider his existing opposition in resolving defendants' motion.

17      5.  If plaintiff files an amended opposition, defendants may thereafter file an amended

18  reply within fourteen days.

19  DATED:  August 2, 2012.

20      EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

----

25      [1] Although defendants filed a supplemental *Rand* notice on July 24, 2012, the court finds
    that to adequately address the concerns expressed in *Woods*, defendants must re-serve their
26  motion along with the proper notice.

1

2                         IN THE UNITED STATES DISTRICT COURT

3                        FOR THE EASTERN DISTRICT OF CALIFORNIA

4    ELDRED NICHOLSON,

5             Plaintiff,                          No. 2:10-cv-1425 KJM EFB P

6        vs.

7    D. MEDINA, et al.,                           *RAND* NOTICE*

8             Defendants.

9    _____/

10       The court requires that you be provided with this notice regarding the requirements for
     opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

11
         When a defendant moves for summary judgment, the defendant is requesting that the
12   court grant judgment in defendant's favor without a trial.  If there is no real dispute about any
     fact that would affect the result of your case, the defendant who asked for summary judgment is
13   entitled to judgment as a matter of law, which will end your case against that defendant.  A
     motion for summary judgment will set forth the facts that the defendant asserts are not
14   reasonably subject to dispute and that entitle the defendant to judgment.

15       To oppose a motion for summary judgment, you must show proof of your claims. To do
     this, you may refer to specific statements made in your complaint if you signed your complaint
16   under penalty of perjury and if your complaint shows that you have personal knowledge of the
     matters stated.  You may also submit declarations setting forth the facts that you believe prove
17   your claims, as long as the person who signs the declaration has personal knowledge of the facts
     stated.  You may also submit all or part of deposition transcripts, answers to interrogatories,
18   admissions, and other authenticated documents.  For each of the facts listed in the defendant's
     Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts
19   that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your
     denial.  *See* L.R. 260(b).  If you fail to contradict the defendant's evidence with your own
20   evidence, the court may accept the defendant's evidence as the truth and grant the motion.  The
     court will consider a request to postpone consideration of the defendant's motion if you submit a
21   declaration showing that for a specific reason you cannot present such facts in your opposition.
     If you do not respond to the motion, the court may consider your failure to act as a waiver of
22   your opposition.  *See* L.R. 230(l).

23       If the court grants the defendant's motion, whether opposed or unopposed, judgment will
     be entered for that defendant without a trial and the case will be closed as to that defendant.

24

25       * This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely
     and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods*
26   *v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir.
     July 6, 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)