IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELDRED NICHOLSON,

       Plaintiff,                No. 2:10-cv-1425 KJM EFB P

    vs.

D. MEDINA, et al.,

       Defendants.       ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On January 22, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. Plaintiff has filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file,

/////

1

the court finds the findings and recommendations to be supported by the record and by the proper analysis, except as discussed below.

The magistrate judge found that on June 25, 2009, plaintiff did not inform Shaw and Medina that he could not take ibuprofen because of his ulcer, noting that plaintiff did not say anything about his ulcer until August 5, 2009. ECF No. 58 at 3 n.6. In his verified objections, however, plaintiff says he in fact told Medina and Shaw about his ulcer on June 25, 2009. ECF No. 62 at 4 ¶ 14. This allegation also is contained in plaintiff's verified complaint, which the court must consider in opposition to summary judgment. ECF No. 1 at 11 ¶ 16; *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Plaintiff's objections maintain that his case against Medina alone should proceed. ECF 62 at 2-3. Accordingly, the facts are in dispute on the question whether Medina purposefully chose ibuprofen in conscious disregard of plaintiff's health. It does appear, as the magistrate judge observes, that plaintiff had been taking aspirin, which also has the potential of irritating or causing ulcers, but there is no evidence in the record addressing the effects of combining two such medications for someone with ulcers. As the administration of contraindicated medication may be evidence of deliberate indifference, summary judgment as to Medina is denied on this issue.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 22, 2013, are adopted in part;
2. Defendants' motion for summary judgment (Dckt. No. 54) is granted on all claims alleged against Shaw in light of plaintiff's concession, and on the claim that defendant Medina unreasonably delayed in treating plaintiff's wrist;
3. Defendants' motion for summary judgment is denied as to the claim that Medina prescribed ibuprofen for plaintiff;

//////
/////
/////

1.    4. The Clerk of the Court is directed to enter judgment for defendant Shaw;
2.    5. Because plaintiff's remaining claim warrants appointment of counsel for the trial that will be set, the court refers this case to the court's ADR and Pro Bono Coordinator, Sujean Park, for identification of counsel to represent plaintiff for the purposes of trial; and
3.    6. The case is set for status and trial setting before the undersigned on May 30, 2013 at 2:30 p.m.

DATED: March 30, 2013.

_____
UNITED STATES DISTRICT JUDGE