UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRED NICHOLSON,<br><br>          Plaintiff,<br><br>    v.<br><br>D. MEDINA,<br><br>          Defendant. | No. 2:10-cv-01425-KJM-EFB<br><br>ORDER |

        In this order the court addresses three motions in limine (ECFs 103, 107, 109) brought by defendant. The court held a hearing on these motions on November 22, 2013, at which L. David Russell and Jeffrey Atteberry appeared telephonically for plaintiff and Lakeysia Beene appeared for defendant. For the reasons below, the court GRANTS ECFs 103 and 109 and GRANTS in part and DENIES in part ECF 107.

I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff is a state prisoner bringing a 28 U.S.C. § 1983 claim against defendant Medina, a licensed physician's assistant employed at the prison where plaintiff is incarcerated. Plaintiff alleges defendant violated his Eighth Amendment rights through deliberate indifference to plaintiff's medical needs when defendant prescribed plaintiff ibuprofen medication knowing this prescription could harm plaintiff, who suffers from ulcers.

/////

The court has confirmed a trial date of December 9, 2013 on plaintiff's single section 1983 claim. To date, plaintiff has filed three motions in limine and defendant has filed five. (ECF 90, 91, 92, 103, 107, 108, 109, 110.) This order addresses defendant's first, second, and fourth motions, filed on November 6, 2013 (ECF 103) and November 18, 2013 (ECFs 107, 109). On November 18, the court set a hearing on defendant's first and second motions in limine, which concern the admissibility of expert testimony. On November 21, 2013, plaintiff filed a request to continue the hearing on defendant's second motion in limine so that plaintiff could file an opposition. (ECF 117.) At hearing, the court noted this request but made an initial pretrial ruling on defendant's second motion, which the court granted in part and denied in part, as described below.

At hearing the court also initially granted defendant's first motion in limine as clarified below, ECF 103, and it addressed defendant's fourth motion in limine, ECF 109. Plaintiff stated he did not oppose either motion, the latter dubbed Motion to Preclude Plaintiff from Mentioning Who Would Pay for Judgment Should Defendant Be Found Liable. The court then granted the fourth motion as unopposed.

II.   STANDARD

When considering whether expert testimony is admissible under Rule 702, a trial court acts as a "gatekeeper" to exclude "junk science." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ("*Daubert I*"). The court performs its gatekeeping role by permitting experts to offer their opinion only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Trial courts are tasked with analyzing "not what the experts say, but what basis they have for saying it." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*"). Courts may reject expert testimony where the "analytical gap" between the data and the expert's conclusion is too great. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228

2

(9th Cir. 1998) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).  In all cases, "[i]t is the proponent of the expert who has the burden of proving admissibility." *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

III.   ANALYSIS

  A. Motion in Limine #1: Admissibility of Dr. Barnett as a Rebuttal Witness

    In his first motion in limine defendant seeks to add a rebuttal witness, Dr. Barnett, to his witness list.  Defendant asserts defense counsel did not know whether Dr. Barnett would be needed to testify prior to filing the joint pretrial statement.  (ECF 103 at 3.)  Once Dr. Barnett's report was obtained and defendants knew what his opinion would be, defendants immediately provided disclosure and a copy of the report.  (*Id.*)  Moreover, defendant argues, plaintiff will not be prejudiced because a copy of the report was served two months prior to trial and plaintiff has already taken Dr. Barnett's deposition.  (*Id.*)

    Plaintiff's counsel at hearing stated he did not oppose the motion as long as Dr. Barnett would serve as a rebuttal witness only.  Defendant agreed, and the court granted the motion as clarified.

  B. Motion in Limine #2: Motion to Limit the Testimony of Dr. John Fullerton

    Defendant seeks to limit the testimony of plaintiff's only expert witness, Dr. Fullerton, insofar as his testimony asserts that plaintiff: (1) had a proven ulcer; (2) suffered "nonsteroidal anti-inflammatory drug ('NSAID') gastrophy [sic]" and gastrointestinal ("GI") upset as a result of taking the medicine defendant prescribed; and (3) had lost faith in the medical system as a result of being prescribed ibuprofen by defendant on July 14, 2009.  (ECF 107 at 1.)  Defendant argues these expert opinions should be limited because they are speculative and are not based upon sufficient facts or data.  (*Id.* at 2.)  Citing *Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009), defendant contends that "[a]n expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors."  (*Id.* at 3.)

/////

/////

/////

3

1.     Proven Ulcer

Defendant argues Dr. Fullerton's conclusion in his report, that plaintiff has "a history of long-standing upper gastrointestinal ("UGI") endoscopy-proven peptic ulcer disease ("PUD")" is based on insufficient facts. (*Id*. at 4.) Dr. Fullerton does not cite to any record that supports this position, defendant maintains; Fullerton simply notes that plaintiff twice underwent UGI endoscopies and UGI series to examine the upper and middle sections of his GI tract. (*Id*.) Yet defendant argues none of the records show plaintiff ever had an ulcer; Fullerton simply relies upon plaintiff's statements that plaintiff was diagnosed with an ulcer in 1989. (*Id*.) In fact, the GI studies performed in 1991 and 1993, and the only endoscopic study reported in the medical records, dated 2003, show that plaintiff did not have PUD. (*Id*.) Furthermore, Fullerton stated in his deposition that plaintiff "may or may not have had PUD in 2009" when defendant examined him. Finally, defendant argues Fullerton should be prevented from using the phrase "symptomatic PUD" because, under Rule 403, it would confuse and mislead the jury. (*Id*. at 5.)

"'An expert's opinions that are without factual basis and are based on speculation or conjecture'" are inadmissible at trial . . . ." *Cal. ex rel. Harris v. Safeway, Inc.*, 651 F.3d 1118, 1149 n.4 (9th Cir. 2011) ("*Harris*") (quoting *Major League Baseball Props., Inc. v. Salvino*, *Inc.*, 542 F.3d 290, 311 (2d Cir. 2008)). However, "[w]here the foundation is sufficient, the litigant is 'entitled to have the jury decide upon [the experts'] credibility, rather than the judge.'" *Primiano v. Cook*, 598 F.3d 558, 566 (9th Cir. 2010) (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 656 (9th Cir. 2006)) (original alteration). If there are "gaps or inconsistencies in the reasoning leading to [the expert] opinion . . . such arguments go to the weight of the evidence, not to its admissibility." *Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001) (original alteration).

Defendant Fullerton may offer his opinion about whether plaintiff has ever suffered from PUD or PUD-like symptoms. Defendant does not argue that Dr. Fullerton is not qualified to state an opinion on this matter, that his methodology is unreliable, or that his opinion is not relevant. Instead, defendant contends there are insufficient facts from which Fullerton can draw his conclusion. After reviewing his expert report, the court is satisfied Fullerton's opinion is

4

more than mere speculation or conjecture. *See Harris*, 651 F.3d at 1149 n.4. Fullerton bases his opinion on the entirety of plaintiff's medical record, which reveals among other things over a dozen gastro-intestinal related clinic visits prior to 2009 and complaints and symptoms compatible with PUD or H. pylori disease. (Decl. of Lakeysia Beene, Ex. B, Expert Report of John H. Fullerton at 3–4, ECF 107-2.) The fact that Fullerton, when pressed in his deposition, could "only opine that [plaintiff] may or may not have had PUD in 2009" when defendant examined him goes to the weight, not the admissibility, of his expert opinion on whether plaintiff has ever suffered from PUD or PUD-like symptoms. *See Campbell ex rel. Campbell*, 239 F.3d at 186.

Furthermore, as plaintiff's counsel clarified at hearing, plaintiff will testify that he had an endoscopy, the results of which are not in the record, that resulted in a diagnosis of PUD.

        2.        Causation

Defendant next contends that Fullerton should be precluded from testifying that plaintiff suffered nonsteroidal anti-inflammatory drug ("NSAID") gastropathy and gastrointestinal ("GI") upset as a result of taking the medicine defendant prescribed. (ECF 107 at 1, 5.) Defendant argues Fullerton's opinion that plaintiff may have suffered GI upset if plaintiff took the prescribed ibuprofen for 25 days is not admissible for at least two reasons. (*Id.* at 6.) First, Ninth Circuit precedent forecloses expert testimony on causation when that testimony merely asserts that something is "capable of causing" or "possibly caused" the plaintiff's injury; instead, the expert must be able to testify that the defendant's conduct more likely than not caused the injury. (*Id.* at 5 (citing *Daubert II*, 43 F.3d at 1321–22 and *In re Hanford Nuclear Reserv. Lit.*, 292 F.3d 1124 (9th Cir. 2002)).) Second, plaintiff admitted in his deposition that he did not even take the ibuprofen defendant prescribed him. (*Id.* at 6.)[1]

/////
/////
/////

---

[1] Defendant did not rely on plaintiff's admission at deposition in his motion for summary judgment. (ECF 54.)

5

1        Defendant further argues that Fullerton's opinion, that plaintiff "probably"
2   developed NSAID gastropathy because plaintiff may have taken the ibuprofen over a 25 day
3   period, is also inadmissible. (*Id.*) Defendant asserts this opinion is pure speculation, because it is
4   not based on any facts or data in the record. (*Id.*)

5        At hearing, plaintiff's counsel clarified that Dr. Fullerton will speak only to
6   whether someone with plaintiff's medical characteristics could be injured by taking the prescribed
7   ibuprofen, not whether plaintiff "probably" developed NSAID gastropathy after taking ibuprofen.
8   He also clarified that plaintiff did not in fact take the prescribed ibuprofen. With this
9   clarification, the court will permit Dr. Fullerton's testimony on causation.

10             3.    Lost Faith in the Medical System

11       Defendant finally contends Fullerton's opinion that plaintiff suffered a loss of faith
12  in the medical system as a result of defendant's prescription is also inadmissible. (ECF 107 at 7.)
13  It is inadmissible because it is too speculative; Dr. Fullerton points to no evidence that plaintiff
14  ever expressed this belief. (*Id.*) At hearing, plaintiff's attorneys signaled they do not plan to
15  elicit this opinion from Fullerton, although they expect plaintiff to testify on this point.

16       The court finds Fullerton's opinion that defendant's conduct caused plaintiff to
17  lose faith in the medical system is too speculative to be admissible. Fullerton does not base his
18  opinion upon any statement made by plaintiff or upon any evidence in the record. Plaintiff,
19  however, will not be precluded from testifying on this issue if he so chooses.

20  IV.  CONCLUSION

21       For the foregoing reasons the court GRANTS defendant's first motion in limine
22  (ECF 103), GRANTS in part and DENIES in part defendant's second motion in limine (ECF
23  107), and GRANTS defendant's fourth motion in limine (ECF 109).

24       The above motions have been decided based upon the record presently before the
25  court. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part,
26  during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or
27  objection, or otherwise forfeit appeal on such grounds. *See* FED. R. EVID. 103(a); *Tennison v.*
28  *Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a

tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).  In addition, challenges to expert testimony under *Daubert* are denied without prejudice.  Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire before such expert may be called to testify.

    IT IS SO ORDERED.

Dated:  November 26, 2013.

                               UNITED STATES DISTRICT JUDGE