UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRED NICHOLSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. MEDINA,<br><br>　　　　　Defendant. | No.  2:10-cv-01425-KJM-EFB<br><br><br>ORDER |

　　　　　In this order the court approves defendant's Bill of Costs (ECF 150), which the court has considered without a hearing.

I.　　RELEVANT BACKGROUND

　　　　　Plaintiff, a state prisoner, brought a 28 U.S.C. § 1983 claim against defendant Medina, a licensed physician's assistant employed at the prison where plaintiff is incarcerated. Plaintiff alleged defendant violated his Eighth Amendment rights through deliberate indifference to plaintiff's medical needs when defendant prescribed plaintiff ibuprofen medication knowing this prescription could harm plaintiff, who avers he suffers from ulcers.  The jury, after a two-day trial, returned a verdict in favor of defendant.  Defendant submitted his Bill of Costs on December 23, 2013.  (ECF 150.)  Plaintiff filed objections on December 30, 2013 (ECF 151), and defendant replied on January 17, 2014 (ECF 156).

/////

1

## II. STANDARD

"Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). The Ninth Circuit has interpreted this Rule to create a presumption in favor of awarding costs to the prevailing party. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997). However, the district court generally has discretion under Rule 54 to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920, which grants courts authority to tax costs for specifically enumerated fees, such as those incurred for printed or electronically recorded transcripts necessarily obtained for use in a case. *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). This discretion is also "a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

A district court must "'specify reasons' for its *refusal* to tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Assoc. of Mexican–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)) (original emphasis). However, a court need not specify reasons for its "*decision* to abide the presumption and tax costs to the losing party." *Id.* (original emphasis). A court may abuse its discretion if, in the "rare occasion" where "severe injustice" will result from an award of costs, it does not conclude the presumption has been rebutted. *Id.* (referencing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

## III. ANALYSIS

Defendant seeks costs in the amount of $2,887.75 for printed or electronically recorded transcripts necessarily obtained for use in the case. (ECF 150 at 1.) Plaintiff does not dispute the accuracy or reasonableness of this amount. Instead, plaintiff argues that the court should not assess these costs against plaintiff because (1) he is indigent and (2) taxing him would likely have a chilling effect on future civil rights litigation from similarly situated prisoners. (ECF 151 at 2.) Plaintiff asserts the Ninth Circuit has long recognized these two reasons as justifications for overcoming the presumption that costs will be awarded to the prevailing party. (*Id.* (citing *Assoc. of Mexican-Am. Educators*, 231 F.3d at 591).)

1         Plaintiff has not overcome the presumption of taxing costs in favor of prevailing party for several reasons. Plaintiff's reliance on *Association of Mexican-American Educators* is misplaced. In that case, the court upheld a denial of $216,443.67 in costs because that amount was so "extraordinarily high" it would discourage potential civil rights plaintiffs. 231 F.3d at 577–79. In contrast, the court in *Save Our Valley*, a decision that examined *Association of Mexican-American Educators* at length, upheld a grant of $5,310.55 in costs because no "injustice" would result from that amount. 335 F.3d at 945. The amount at issue here is $2,887.75, making this case much closer to the latter case than the former. This is not one of the "rare occasions" where "severe injustice" will result from taxing costs. Additionally, plaintiff will not be left destitute; these costs will be assessed according to 28 U.S.C. § 1915(b)(2)'s monthly installment collection procedure, which will ensure he is not completely stripped of means to meet his basic needs.

        Moreover, as defendant correctly notes, the Prison Litigation Reform Act ("PLRA") does not exempt an IFP plaintiff from paying costs. *See* 28 U.S.C. § 1915(f)(2)(A)) ("Proceedings in forma pauperis . . . . If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."). Consistent with the statute, federal courts in California routinely award costs in prisoner civil rights cases in which the plaintiff is indigent. *See, e.g.*, *Villa v. Rowe*, No. C 07-01436 WHA, 2012 WL 4083678, at *1 (N.D. Cal. Sept. 17, 2012) (awarding costs of $5,360); *Duvigneaud v. Garcia*, No. 04CV580 BTMWMC, 2007 WL 2009800, at *3 (S.D. Cal. July 5, 2007) (awarding costs of $3,967.31).

IV.     CONCLUSION

        Defendant is awarded $2,887.75 in costs, which will be collected from plaintiff's prison trust account in accordance with 28 U.S.C. § 1915.

        IT IS SO ORDERED.

DATED: February 28, 2014

                                                                          UNITED STATES DISTRICT JUDGE